certified Mail # 7000 0520 0022 5872 4989

FILED
JAN 2 5 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

United States District Court
for the District of Columbia

Frederick Banks, # 05711-068
Unit 2A
POB 5000    Petitioner
Yazoo City, MS 39194

Harley Lappin,
Director, Federal Bureau of Prisons;
Director of Chaplaincy Service; Director
of Inmate religious and legal mail; Warden
FCC Yazoo City; Unit Manager Griffen; Chaplain
Williams; Angela Scott, mailroom Supervisor,
Respondents.

Case: 1:08-cv-00152
Assigned To : Unassigned
Assign. Date : 1/25/2008
Description: Pro Se general Civil

Banks has exhausted all available administrative remedies in this case. When Banks' remedies were returned from the region staff removed the warden's response, the Counselor stated she could not provide it to Banks. Banks sent the remedies to central. Central responded refused to process because the warden's response was missing. Thus Banks has exhausted all available remedies. See Banks v. Vickla [illegible], 2007 US Dist. LEXIS 71399 (3rd Dist. Sept. 26, 2007) Mandamus pursuant to 28 USCS § 1361

Petition For A Writ of Mandamus

Petitioner Frederick Banks ("Banks") hereby respectfully moves this honorable Court to issue a mandamus compelling prison officials to direct staff at FCC Yazoo City (Low) to allow him to freely exercise his religion; equal access to the chapel and religious music services by utilizing the chapel band equipment at the services and for prison officials to stop hindering and obstructing his religious and legal mail.

Banks, a "Thelemite" since the mid-nineties seeks an order from this Court so that he may freely exercise his religion. In 2006 Banks sought to be able to practice his religion at FPC Canaan See Banks v. Roberts 2006 US Dist. LEXIS 49896 (3rd Dist July 21, 2006) Banks learned that the Chaplain in that case never submitted the application to the central office when Banks applied to have his religion established at Canaan. Banks was then transferred to LSCI Butner where he started the process again with Chaplain Roberts. Unfortunately the same pattern occurred. Roberts never submitted the application and Banks was transferred to FCC Yazoo City where he submitted a request for equal access to the chapel through Chaplain Williams. Banks' request was denied. Banks exhausted all available administrative remedies all the way through the central office. The Warden and Region determined that Banks could not have equal access to the chapel but he could practice in the unit. Banks attempted to practice in his cube, however, one morning the Counselor interrupted Banks' meditation. Banks informed the Counselor that she had interrupted him exercising his religious beliefs. The Counselor admonished Banks to

RECEIVED
JAN 02 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(1)

"get up." counselor told him he would see her in court. The counselor had Banks lodged in the SHU for 11 days. When Banks returned to the Unit he noticed that the Christians had not only built a castle in the Unit to celebrate the Birth of Jesus Christ but that they also had been performing Christmas songs using instruments in the Unit and had a nightly bible study which they called prayer call. This was also done in the Unit. Banks spoke with the acting Unit manager about putting on a religious music performance for Winter Solstice one of Thelema's religious holidays. Acting Unit manager Griffin not only denied the request but also notified Banks that he could not practice his religion in the Unit. Around this time Banks noticed that he stopped receiving all of his religious magazines and either when he received his legal mail it was opened outside of his presense or he did not receive it at all. Banks is suffering personal injury because he can't practice his peaceful religion in violation of the First Amendment and he is not receiving his mail. Banks has been unable to practice his religion for 42 months because prison officials will not let him in violation of their program statements and laws and Constitution. See P5360.09 Religious Beliefs and Practices at MC "The following Religious practices and activities are never authorized... disparagement of other religions." 3c Provides "Religious resources will be equitably distributed for the benefit of all inmates." In this case since the BOP is failing to follow its own program directives it needs compelled to do so through this mandamus action. Similarly the warden may not obstruct Banks mail because of his religion. This Court should issue this writ. A Federal District Court has jurisdiction under 28 USCS §1361 to order Respondents to direct prison authorities under their control, The Warden, Unit Manager Griffin, Chaplain Williams, to grant prisoners right to freely exercise their religion. Thenault v. Carlson 353 F.Supp 1061 (ND GA 1973)

WHEREFORE, The petitioner Frederick Banks respectfully requests that the foregoing petition be granted.

Respectfully submitted,

Frederick Banks
#05711-068
Unit 2AM
PO Box 5000
Yazoo City, MS 39194

PETITIONER

Executed this 27th day of December, 2007 under the penalty for perjury. 28 USC §1746

(2)

United States District Court
for the District of Columbia

Frederick Banks,
    Petitioner

v.

Harley Lappin, Director Federal
Bureau of Prisons, et al.,
    Respondents.

Civil Action No.

Respondents Addresses for Service

Harley Lappin, Director Federal Bureau of Prisons;
Director of Chaplaincy Service; Director of Inmate
Religious and Legal Mail.
320 First St NW.
Washington DC 20534

Warden FCC Yazoo City (Low);
Acting Unit Manager Griffen;
Chaplain Williams; Angela Scott, Mail
Room Supervisor
2225 Haley Barbour Parkway
Yazoo City, MS 39194

Respectfully Submitted

Frederick Banks
#05711-068
Unit 2Au
PO Box 5000
Yazoo City, MS 39194
PETITIONER