UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREDERICK H. BANKS ) | |
| ) | |
|     *Pro Se* Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:08-cv-00152-EGS |
| ) | |
| HARLEY LAPPIN *et al.*, ) | |
| ) | |
|     Defendants. ) | |
| _____) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND TO STAY PROCEEDINGS**

**I. Introduction.**

Plaintiff, a *pro se* prisoner, seeks to evade the payment requirements of the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915, and to continue to abuse the federal judicial system. Plaintiff's Opposition fails to provide the factual and legal basis showing that Plaintiff deserves *in forma pauperis* status and does not have to pay the required filing fees before he may proceed with this lawsuit. Accordingly, as explained in Defendant's Motion,[1] because Plaintiff abuses the legal system by frequently filing frivolous lawsuits, the Court should dismiss this case unless Plaintiff pays the requisite filing fees in full, and stay any further proceedings for 30 days pending receipt of the full filing fee.

**II. Argument.**

By its terms, the PLRA only applies when a prisoner "brings a *civil action* or files an appeal *in forma pauperis*." 28 U.S.C. § 1915(b)(1) (emphasis added). Congress did not define

---

[1] " Defendant's Motion for Reconsideration of Order Granting Plaintiff's Motion to Proceed In Forma Pauperis and To Stay Proceedings" ("Motion").

the term "civil action" for purposes of the statute and did not expressly include or exclude mandamus proceedings within its operation. Many circuits, including the District of Columbia Circuit, have concluded that Congress did not intend for the PLRA's installment-payment provision to apply to *habeas corpus* actions brought under U.S.C. § 2254 or §2255. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998); *In Re Smith*, 114 F.3d 1247, 1250 (D.D.C 1997). However, the D.C. Circuit has held that the PLRA's payment obligations apply to petitions for mandamus that involve "underlying claims that are civil in nature." *See In Re Smith*, 114 F.3d at 1250. The PLRA's legislative history makes clear that Congress's principal intent was to reduce frivolous litigation by prisoners challenging conditions of their confinement. *Blair-Bey v. Quick*, 151 F.3d at 1040. "Congress enacted the PLRA primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act, most of which are routinely dismissed as legally frivolous." *In Re Smith*, 114 F.3d at 1249 (quoting *Santana v. United States*, 98 F.3d 752, 755 (3d Cir. 1996)). The court in *Blair-Bey* explained:

> Although there was no committee report on the PLRA, the floor statements of the bill's two sponsors in the Senate, Senators Dole and Kyl, indicate that prison conditions litigation is what they were targeting. All examples of suits they hoped to squelch were prison conditions suits, including lawsuits challenging "insufficient storage space, being prohibited from attending a wedding anniversary party, and, yes, being served creamy peanut butter instead of chunky."

151 F.3d at 1040 (quoting 141 CONG. REC. S7498, S7524 (daily ed. May 25, 1995) (statement of Sen. Dole)0.

At least four circuits, including the District of Columbia Circuit, have held that petitions for mandamus or prohibition that are predicated on underlying civil claims fall within the range of actions that Congress sought to subject to the PLRA filing fee requirements. *See In Re Smith*, 114 F.3d at 1250; *Madden v. Myers*, 102 F.3d 74, 77 (3d Cir. 1996) (explaining that a petition for

2

mandamus need not comply with the PLRA only when the underlying litigation is criminal or otherwise of the type that Congress did not intend to curtail); *Martin v. United States*, 96 F.3d 853, 854-55 (7th Cir. 1996) (distinguishing petitions for mandamus in civil proceedings from those in criminal proceedings and requiring that the former comply with the PRLA); *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) (concluding that petitions for a writ of mandamus are included within the meaning of the term "civil action" as used in § 1915); *In re Nagy*, 89 F.3d 115, 116 (2d Cir. 1996) (holding that the PRLA requirements apply to those extraordinary writs that seek relief analogous to civil complaints under 42 U.S.C. § 1983 but not to writs directed at judges conducting criminal trials).  The rationale underlying these cases is that "it would defeat the purpose of the PLRA if a prisoner could evade its requirements simply by dressing up an ordinary civil action as a petition for mandamus or prohibition or by joining it with a petition for *habeas corpus*." *In Re Smith*, 114 F.3d at 1250.

      Here, Plaintiff filed the instant Complaint against the Bureau of Prisons ("BOP") and its officials alleging that they have prevented him from practicing his religion in violation of the First Amendment and various prison directives.  Compl. at 1.  Specifically, he claims that prison officials have interrupted him during meditation, denied his request to perform religious music, withheld his religious magazines, and opened his mail.  Compl. at 1-2.  He requests that this Court issue a "Writ of Mandamus" compelling BOP officials to permit him to freely exercise his religion, to give him equal access to the prison chapel and chapel band equipment, and to cease "hindering and obstructing" his legal and religious mail.  Compl. at 1.  Plaintiff has not indicated that this is a *habeas corpus* petition, nor does it qualify as such.  Plaintiff's action clearly challenges his prison conditions, not the fact or length of his confinement.  This is exactly the

kind of action that Congress intended to subject to the PLRA's payment obligations. Plaintiff is attempting to "dress up" an ordinary civil action in hope of evading payment.

In response to Defendant's Motion, Plaintiff cites *Banks v. United States Attorney*, No. 1:08-cv-58, slip op. at 1-2 (E.D. Mo. May 12, 2008) and *In re Phillips*, 133 F.3d 770, 771 (10th Cir. 1998), for the proposition that the PLRA payment requirements do not extend to mandamus actions. Pl.'s Reply at 1. These cases are inapposite and Plaintiff has misinterpreted them. In *In re Phillips*, the Tenth Circuit held that the PLRA does not impose mandatory filing fees for petitions for writs of mandamus that seek to compel district courts to hear and decide *habeas corpus* petitions or motions to vacate. *In re Phillips*, 133 F.3d at 771. Unlike the plaintiff in *In re Phillips*, Plaintiff does not seek to compel this Court to hear and decide a *habeas corpus* petition or a motion to vacate his sentence.[2]

Plaintiff also cites *Banks v. United States Attorney*, a case from the Eastern District of Missouri, to argue that he should not have to pay the filing fees. Pl.'s Reply at 1. In that case, Plaintiff sought to secure parole for himself and other inmates and was allowed to proceed *in forma pauperis* because the court concluded that his petition for mandamus could not be construed as a "civil action." No. 1:08-cv-58, slip op. at 1-2. In the same order allowing Banks to proceed without paying the filing fee, the Eastern District of Missouri dismissed his petition because it was legally frivolous and/or failed to state a claim upon which relief could be granted. *Id.* at 5-6. Unlike Plaintiff's previous case, this case only challenges conditions of his confinement.

---

[2] Even if the holding in *In re Phillips* could be read differently, it was a decision by the Tenth Circuit that would not be binding in light of *In re Smith* and *Blair-Bey v. Quick*, two D.C. Circuit cases requiring that prisoner actions challenging conditions of confinement be subject to PLRA's payment provisions. *See Blair-Bey v. Quick*, 151 F.3d at 1040; *In Re Smith*, 114 F.3d at 1250.

Because Plaintiff has filed three or more suits that were dismissed as frivolous, malicious or for failure to state a claim, and because he has not alleged that he is in imminent danger of serious physical harm, this Court should bar Plaintiff from proceeding IFP and stay all proceedings in this case until he pays the required filing fees. *See* Defs.' Mot. for Recon. & to Stay Proceedings at 5. Plaintiff merely seeks to challenge a condition of his confinement, a cause of action that the D.C. Circuit has routinely subjected to PLRA's payment provisions. *See Blair-Bey v. Quick*, 151 F.3d at 1040; *In Re Smith*, 114 F.3d at 1450.

### III. Conclusion.

For the foregoing reasons and those set forth in Defendant's Motion, the Court should (1) revoke Plaintiff's *in forma pauperis* status, (2) stay all proceedings for 30 days after the date of entry of this Order within which time plaintiff shall pay the filing fees in full; and (3) dismiss this civil action without prejudice if plaintiff fails to make such payment within 30 days.

Dated: July 7, 2008.                    Respectfully submitted,


                                        /s/ Jeffrey A. Taylor
                                         JEFFREY A. TAYLOR, D.C. BAR # 498610
                                         United States Attorney


                                        /s/ Rudolph Contreras
                                        RUDOLPH CONTRERAS, DC Bar # 434122
                                        Assistant United States Attorney


                                        /s/ John C. Truong
                                        JOHN C. TRUONG, D.C. Bar # 465901
                                        Assistant United States Attorney
                                        555 4th Street, N.W.
                                        Civil Division
                                        Washington, D.C.  20530

(202) 307-0406
John.Truong@usdoj.gov

Case 1:08-cv-00152-EGS    Document 13    Filed 07/07/2008    Page 6 of 7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of July, 2008, the foregoing Reply In Support of Defendant's Motion For Reconsideration and To Stay Proceedings was served by First Class Mail on *pro se* Plaintiff, with postage prepaid, addressed as follows:

Frederick H. Banks, #05711-068
Federal Correctional Institution Yazoo City (Low)
P.O. Box 5000
Yazoo City, MS 39194-5000

/s/ John C. Truong
JOHN C. TRUONG, D.C. Bar # 465901
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530