UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREDERICK BANKS, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 08-0152 (EGS) |
| HARLEY LAPPIN, *et al.*, | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This matter is before the Court on respondents' Motion for Reconsideration of Order Granting Plaintiff's Motion to Proceed In Forma Pauperis and to Stay Proceedings. The Court will grant the motion. Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner may not proceed *in forma pauperis* if while incarcerated he has filed at least three prior cases that were dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g); *see Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006); *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1033 (D.C. 2000); *Smith v. District of Columbia*, 182 F.3d 25, 29 (D.C. Cir. 1999). There is an exception for a prisoner who shows that he "is under imminent danger of serious physical injury" at the time he files suit. 28 U.S.C. § 1915(g).

This Court has determined that petitioner has accumulated more than "three strikes" for purposes of Section 1915(g). *See Banks v. Federal Bureau of Prisons*, No. 08-0018, 2008 WL 2358682 (D.D.C. June 10, 2008); *Banks v. Lawson*, Misc. No. 08-0277 (RCL) (D.D.C. May 2, 2008) (order dismissing action under Section 1915(g) without prejudice to refiling after payment

of filing fee); *Banks v. Greer*, Misc. No. 08-0308 (RCL) (D.D.C. May 5, 2008), *appeal docketed sub nom. In re Frederick Banks*, No. 08-5151 (D.C. Cir. May 28, 2008); *Banks v. United States of Am.*, Misc. No. 08-0309 (RCL) (D.D.C. May 5, 2008), *appeal docketed sub nom. In re Frederick Banks*, No. 08-5154 (D.C. Cir. May 28, 2008). Absent any allegation in the petition suggesting that petitioner is in imminent danger of serious physical injury, he does not overcome the bar imposed by Section 1915(g).

Petitioner opposes respondents' motion. He argues that "this proceeding is at least in part [] a mandamus action," and the "PLRA does not apply to a mandamus action." Plaintiff's Reply to Defendant's Motion for Reconsideration at 1. In this action, petitioner demands mandamus relief "compelling BOP officials to permit him to exercise his religion, to give him equal access to the prison chapel and chapel band equipment, and to cease 'hindering and obstructing' his legal and religious mail." *Id.* Because the relief petitioner demands is civil in nature, the PLRA applies to this filing. *See In re Smith*, 114 F.3d 1247, 1250 (D.C. Cir. 1997) (applying PLRA to a pleading styled as a petition for a writ of prohibition demanding injunctive relief and compensatory and punitive damages under the Privacy Act); *see also In re Nagy*, 89 F.3d 115 (2d Cir. 1996) (concluding that PLRA does not apply to petition for a writ of mandamus directed to a judge conducting a criminal trial). "[I]t would defeat the purpose of the PLRA if a prisoner could evade its requirements simply by dressing up an ordinary civil action as a petition for mandamus or prohibition or by joining it with a petition for habeas corpus." *In re Smith*, 114 F.3d at 1250 (citing *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996)).

The Court concludes that petitioner is barred under 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in this action. Accordingly, the Court grants respondents' motion for

reconsideration, vacates the Order previously granting plaintiff *in forma pauperis* status, and stays proceedings for 30 days so that petitioner has an opportunity to pay the filing fee in full. An Order consistent with this Memorandum Opinion will be issued separately.

    SO ORDERED.

    Signed:    EMMET G. SULLIVAN
               United States District Judge

    Date:    July 25, 2008